UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Carl Smith

    v.                                  Civil No. 09-cv-232-SM
                                            Opinion No. 2009 DNH 105

United States of America

**O R D E R**

Petitioner, Carl Smith, seeks relief from his conviction and sentence under the provisions of 28 U.S.C. § 2255.

Smith was convicted, after a jury trial, of one count of distributing cocaine and two counts of distributing cocaine base or "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 210 months in prison, the bottom end of the advisory guideline range. Smith was properly classified as falling within Criminal History Category VI — both based upon the number of criminal history points ascribed, and based upon his career offender status. The conviction and sentence were affirmed on appeal.

Petitioner seeks habeas relief on grounds that defense counsel "failed to object to Defendant Smith's Statutory Max . . . which substantially increased Defendant Smith's sentence in

violation of Apprendi," and was "Ineffective for not exploring plea bargain options."  Neither ground has merit.

Petitioner's sentencing range was properly calculated, and, he was sentenced at the low end of the advisory guideline range.  There was no Apprendi issue.  Petitioner's suggestion that defense counsel provided constitutionally defective representation by failing to explore plea bargain options is unsupported, vague, conclusory and palpably incredible.  See Machibroda v. United States, 368 U.S. 487; David v. United States, 134 F.3d 470 (1st Cir. 1998).  Indeed, as petitioner's own allocution at sentencing made clear — he chose to go to trial, rather than consider a plea agreement, under virtually hopeless circumstances, which caused the court to seriously consider whether such incredibly bad judgment, so contrary to his own interests, might support a lesser sentence.  See Transcript of Sentencing, 05-cr-259-01-SM, April 24, 2007, pp. 10-17 (court questioning prosecutor about potential variant sentence), and 38 (Petitioner:  "If anything, out of any of my cases in my life that I thought that I was guilty of I took a plea or whatever because there was no chance of fighting it as far as I could understand or remember or see.  In this case, you [k]now, I still don't see it."  (emphasis added).)

Nothing in the petition or the record remotely supports a claim that counsel provided ineffective representation.

The petition, and the files and records of the case conclusively show that petitioner is not entitled to relief.  The sentence imposed was authorized by law and no credible claim of denial or infringement of petitioner's constitutional rights has been made.

## Conclusion

The petition is denied.  The clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

July 14, 2009

cc: Carl Smith, pro se
    Aixa Maldonado-Quinones, Esq., AUSA